State v. Bass

STATE OF NORTH CAROLINA v. EDWARD G. BASS, ET AL.

No. 8213SC1223

(Filed 3 January 1984)

1. Narcotics § 6— proceeding for return of seized airplane—reputation testimony not inadmissible hearsay

In a proceeding on an aircraft owner's application for the return and possession of an aircraft which had been used for trafficking in marijuana, testimony of a federal drug enforcement agent concerning the reputation of persons involved in trafficking the marijuana was not inadmissible hearsay since the purpose of the testimony was not to establish the truth of the statements but to show that the president of the company which owned the aircraft knew or had reason to believe that the aircraft would be used to smuggle drugs. G.S. 90-112.1(b)(ii).

2. Narcotics § 6— forfeiture of airplane used to transport marijuana

The trial court properly denied an aircraft owner's application for return and possession of a seized aircraft which had been used for trafficking in marijuana.

APPEAL by applicant Atlas Aircraft Corporation from *Clark, Giles R., Judge.* Judgment entered 25 January 1982 in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 19 October 1983.

In late 1979, Atlas Aircraft Corporation (hereinafter Atlas) entered a conditional sales agreement with Carolina Dust & Spray (hereinafter CDS), whereby CDS would receive title and use of a DC4 aircraft (United States Registration number N27MA) only upon full payment of $125,000 to Atlas by 1 April 1980. When the payment was not made, Atlas granted CDS an extension of time in which to make the payment. The aircraft was moved from storage in Tucson, Arizona, to Paris, Texas, where it was modified, allegedly being converted to a sprayer aircraft for CDS. On 31 July 1980, the aircraft was seized in Brunswick County with 9,820 pounds of marijuana on it. Those present were arrested and have entered guilty pleas to drug trafficking charges.

In July of 1981, Atlas filed an Application for Return and Possession of Seized Property. This application was filed as a motion in the cause in the criminal cases arising out of the seizure of the aircraft. After hearing, judgment was entered on 25 January 1982 denying Atlas' application for return and possession of the

aircraft and ordering forfeiture of the aircraft. From this judgment, applicant Atlas appeals.

    *Attorney General Edmisten, by Associate Attorney General Charles H. Hobgood, for the State.*

    *Merriman, Nicholls, Crampton, Dombalis & Aldridge, by Gregory B. Crampton and W. Sidney Aldridge, for applicant-appellant Atlas Aircraft Corporation.*

    *James R. Prevatte, Jr. and R. Glen Peterson, for respondent-appellee Brunswick County Board of Education.*

    EAGLES, Judge.

[1] Atlas' first assignment of error is that the trial judge improperly allowed the state to present, through witness Fred McKinney, hearsay evidence. We disagree, because we find that McKinney's testimony concerning the reputation of the individuals involved was not offered to establish the truth of the statements.

    McKinney testified, *inter alia*: that he was a state agent assigned to the Federal Drug Enforcement Office; that he had specialized in investigating aircraft and boat smuggling operations since 1975; that frequently aircraft used in drug smuggling were subject to a conditional sales agreement (to "give the owner a margin of safety . . . he could say he was in the process of selling it"); that the Kern-Cameron organization was well-known to law enforcement throughout the country; that the Kern-Cameron organization converted large military surplus aircraft to be used to smuggle illegal drugs into the United States; that the Russell Jack Kern who had been involved with drug-smuggling operations was the same Russell Jack Kern that earlier testimony had shown had owned an airfield where the DC4 aircraft belonging to Atlas was stored in Tucson, Arizona, and had arranged for it to be moved to Texas; that the F.A.A. ferry permit to move the DC4 aircraft belonging to Atlas listed Jack Kern as the registered agent of the owner; that McKinney's investigation revealed that there was no corporation listed with North Carolina's Secretary of State known as Carolina Dust and Spray; that the president of Atlas kept a car at Jack Kern's airport in Tucson, Arizona; that the Texas airport where the DC4 aircraft was stored pending

State v. Bass

modifications was owned by I. N. Burchinal, Jr.; that Burchinal had sold several airplanes that had been involved in drug smuggling; that an article in the Wall Street Journal mentioned Burchinal's airport as a base for smuggling airplanes and where aircraft were prepared for smuggling; and that Benjamin Widtfeldt, the president of Atlas, had sold several airplanes which later were seized while transporting marijuana. McKinney testified that much of this information came from law enforcement agency files.

Applicant Atlas would have us hold that McKinney's testimony was inadmissible hearsay. Whenever the assertion of any person, other than that of the witness himself in his present testimony, is offered to prove the truth of the matter asserted, the evidence is hearsay. If offered for any other purpose, it is not hearsay. 1 Brandis, N.C. Evidence § 138 (2d rev. ed. 1982); see *State v. Miller*, 282 N.C. 633, 642, 194 S.E. 2d 353, 359 (1973).

Before seized property may be returned, a claimant must show, *inter alia,* "that he had no knowledge, or reason to believe, that it was being or would be used in the violation of laws of this State relating to controlled substances." G.S. 90-112.1(b)(ii). Since the president of Atlas denied any knowledge of illegal activity involving the aircraft, the State had the burden of negating that denial. McKinney's testimony was not presented to prove the truth of the connections between Atlas and Jack Kern and drug smuggling operations, but rather to show that the president of Atlas knew or had reason to believe that the DC4 aircraft would be used to smuggle illegal drugs because he knew or had reason to believe that Kern and others had reputations for dealing in illegal drugs and aircraft for smuggling illegal drugs. 1 Brandis, N.C. Evidence § 148 (2d rev. ed. 1982). The trial judge did not err in allowing McKinney's testimony or in refusing to allow applicant Atlas' motions to strike that testimony.

[2] Applicant Atlas also assigns as error the trial court's denial of Atlas' application for return and possession of the seized aircraft. Atlas asserts that the findings of fact and conclusions of law were not supported by competent evidence and that the judgment entered by the trial court was thereby incorrect. We have carefully examined the findings of fact and conclusions of law and hold that they were supported by competent evidence. The judgment

denying Atlas' application for return and possession of the aircraft and ordering forfeiture of the aircraft is

Affirmed.

Judges WEBB and PHILLIPS concur.